**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5142**
_____

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

KENNETH LANE PEGRAM,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:08-cr-00100-JAB-1)

_____

Submitted:  August 30, 2012      Decided:  September 14, 2012

_____

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James B. Craven, III, Durham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Lane Pegram was charged in a superseding indictment with possession of firearms by a convicted felon, 18 U.S.C. § 922(g)(1) (2006) (Count One); possession of ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (Count Two); possession with intent to distribute 55.87 grams of marijuana, 21 U.S.C. § 841(a)(1), (b)(1) (2006) (Count Three); and failure to appear, 18 U.S.C. § 3146(a)(1) (2006) (Count Four). He pled guilty to Count Four, and a jury convicted him of the remaining three offenses. The district court subsequently dismissed Count Two. Pegram was sentenced to 120 months' imprisonment on Count One, sixty months' imprisonment, concurrent, on Count Three, and twelve months' imprisonment, concurrent, on Count Four.

Pegram now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether trial counsel was ineffective, whether there was prosecutorial misconduct, and whether there was judicial bias at sentencing. Pegram has filed a pro se brief, as supplemented, raising numerous issues. We affirm.

I

Pegram does not challenge his conviction on Count Four, and our review of the record discloses no meritorious

2

issues for appeal with respect to that conviction. The transcript of the Fed. R. Crim. P. 11 hearing reveals that the district court substantially complied with Rule 11. Further, as the district court found, the plea was entered knowingly and voluntarily, and there was a factual basis for the plea.

II

We find no merit to the issues raised in the Anders brief. We will not address the claim of ineffective assistance of defense counsel because ineffectiveness does not conclusively appear on the face of the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Pegram's contention that the prosecutor engaged in misconduct lacks merit: the brief cites no specific examples of misconduct, and our review of the record discloses none. Finally, the record does not demonstrate judicial bias at sentencing.

III

In his pro se brief, Pegram raises a wide array of claims, none of which have merit. First, contrary to Pegram's assertion, the district court properly denied his Fed. R. Crim. P. 29 motion for judgment of acquittal. Pegram's primary argument is that the evidence was insufficient to establish that he possessed the truck inside which officers found four firearms

and a quantity of marijuana. The evidence—including the presence in the truck of an eviction notice addressed to Pegram, the testimony of Van Milton Cole and Archie Emory, and the tags on the truck—demonstrates Pegram's constructive possession of the truck.

The parties were directed to submit supplemental briefing regarding a stipulation concerning Pegram's status as a convicted felon. The indictment identified two felonies that qualified under § 922(g)(1). Pegram, however, stipulated at trial as to only one felony, a 1998 conviction for possession of marijuana in jail. The government conceded that, after United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), that conviction does not qualify as a predicate felony. However, a 1994 conviction identified in the indictment does so qualify. The 1994 conviction, however, was not stipulated to at trial.

After reviewing the supplemental briefs, we conclude that there was no reversible error. The indictment placed Pegram on notice that the Government might use either the 1994 or the 1998 offense, or both, to establish his status. The fact that the crime to which Pegram ultimately stipulated was not a felony under Simmons does not, on plain error review, destroy the validity of the stipulation when the 1994 crime does so qualify.

4

With respect to Pegram's remaining claims, our review of the record discloses either no error or no plain error that we will, in our discretion, recognize. We address only a few of those claims and do so very briefly. First, the court's instructions to the jury did not constructively amend the indictment because time generally is not a material element of a criminal offense, United States v. Stuckey, 220 F.3d 976, 982 (8th Cir. 2000), and Pegram was not, as he urges, tried on charges other than those made in the indictment. See United States v. Floresca, 38 F.3d 708, 711 (4th Cir. 1994). Second, taken as a whole, the circumstances surrounding Pegram's initial questioning at a bar do not establish that he was in custody. Accordingly, it was not necessary that the police administer warnings in accordance with Miranda v. Arizona, 384 U.S. 436 (1966). Third, the removal of Pegram's wife from the courtroom did not violate his right to a public trial, for there is absolutely no evidence that the courtroom did not remain open to the general public. Fourth, no hearing under Remmer v. United States, 347 U.S. 227 (1954), was required because the record establishes that the court assured itself that there had been no unauthorized communication between Pegram's wife and any juror.

IV

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore grant the motion to file a pro se supplemental brief, and we affirm Pegram's convictions and sentence. This Court requires that counsel inform Pegram, in writing, of the right to petition the Supreme Court of the United States for further review. If Pegram requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pegram. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>